| UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA | JS-6 |
|---|---|

**CIVIL MINUTES – GENERAL**

| Case No. 8:20-cv-00982-JLS-ADS | Date: October 29, 2020 |
|---|---|
| Title: Island Medical Distributors, Inc. et al v. Hologic, Inc. et al | |

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                                                Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. 16)**

Before the Court is Plaintiffs Michael Kiper's and Island Medical Distributors, Inc.'s Motion to Remand. (Mot., Doc. 16; Mem., Doc. 16-1.) The Court finds this matter appropriate for decision without oral argument, and the hearing set for October 30 at 10:30 a.m. is VACATED. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. For the following reasons, the Court GRANTS Plaintiff's Motion to Remand.

**I.     PROCEDURAL BACKGROUND**

The Court recites only the procedural history of the case as relevant to the present Motion to Remand. On March 5, 2020, Plaintiffs filed the instant lawsuit in state court against Defendants Hologic, Robert J. Pierce, Christopher A. Cartwright, Diagnostic Medical Equipment ("DME"), Nick LeBeau, and Nick LeBeau Inc. ("NLI"). (Ayotte Decl. ¶ 15, Doc. 16-2; Compl. ¶¶ 3–8, Doc. 1-1).

On March 17, 2020, Plaintiffs personally served Defendant Hologic. (Ayotte Decl. ¶ 17). On April 15, 2020, all named Defendants filed a stipulation in state court to extend the time to respond to the complaint. (*Id.* ¶ 18; Stipulation, Ex. 13 to Notice of Removal ("NOR"), Doc. 1-21). However, on April 29, 2020, defense counsel emailed Plaintiffs to inform them that DME and NLI "would not accept service" until certain

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-00982-JLS-ADS                                         Date: October 29, 2020
Title:  Island Medical Distributors, Inc. et al v. Hologic, Inc. et al

"'misnomer issues' were corrected."[1]  (Ayotte Decl. ¶ 19).  This was the "first time [Plaintiffs were] made aware that those entities would not accept service as agreed to in the April 15, 2020 stipulation."  (*Id.*)  The next day, on April 30, Defendant Pierce executed a notice of acknowledgment and receipt of service.  (Ex. 2 to NOR, Doc. 1-2).

On May 28, 2020, Defendants Hologic, Pierce, Cartwright, and LeBeau removed the action to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  (NOR, Doc. 1).  Plaintiffs Kiper and Island Medical are citizens of California.  (Compl. ¶¶ 1–2).  Defendant Hologic is incorporated in Delaware with its principal place of business in Massachusetts, and Defendant Pierce is a citizen of Massachusetts.  (Compl. ¶¶ 3–4).  Defendants Cartwright and LeBeau, however, are citizens of California and would destroy diversity jurisdiction if properly joined.  (*See* Compl. ¶¶ 5–8).  Defendants DME and NLI did not join in the removal.  (NOR at 1).  Defendants argue in their Notice of Removal that only the citizenship of Hologic and Pierce should be considered, because the remaining defendants are either fictitious, improperly named, or fraudulently joined.  (NOR ¶ 3).

Plaintiffs have moved to remand, contending that Defendants' removal was procedurally defective because (1) it was untimely and (2) all named Defendants have not joined in the notice of removal.  Plaintiffs further argue that, even if Defendants met the procedural requirements of removal, the Court lacks subject matter jurisdiction due to a lack of complete diversity.  (Mem. at 2).  Because the Court agrees that Defendants' removal was untimely, it declines to address the remaining issues.

## II.  DISCUSSION

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial

---

[1] Defendants contend that "Nick LeBeau, Inc." and "Diagnostic Medical Equipment" are the incorrect names for, respectively, LeBeau's corporation and Cartwright's sole proprietorship. (NOR ¶ 3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-00982-JLS-ADS     Date: October 29, 2020
Title: Island Medical Distributors, Inc. et al v. Hologic, Inc. et al

pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446 (b)(1). Here, Plaintiffs argue that the thirty days runs from April 15, 2020, when all Defendants filed a stipulation to extend time to respond to Plaintiffs' Complaint. Defendants, on the other hand, argue that the thirty-day removal window was triggered on April 30, 2020, when Defendant Pierce executed a notice and acknowledgment of receipt of service. Because Defendants removed this action on May 28, this dispute turns on whether the April 15 Stipulation triggered the thirty-day removal window.

"The adequacy of service of process is determined under applicable state law." *Emma Court LP v. United Am. Bank*, No. C 09-03625 JSW, 2009 WL 4456387, at *2 (N.D. Cal. Nov. 30, 2009). Under California law, "[a] general appearance by a party is equivalent to personal service of summons on such party," thus triggering the thirty-day removal period. *Id.*; Cal. Civ. Proc. Code § 410.50 (West 2020). "A general appearance occurs when the defendant takes part in the action or in some manner recognizes the authority of the court to proceed." *Dial 800 v. Fesbinder*, 118 Cal. App. 4th 32, 52, 12 Cal. Rptr. 3d 711, 726 (2004), *as modified* (May 5, 2004) (citations omitted). "'A general appearance operates as a consent to jurisdiction of the person, dispensing with the requirement of service of process, and curing defects in service.'" *Id.* (citing *Fireman's Fund Ins. Co. v. Sparks Constr., Inc.*, 114 Cal. App. 4th 1135, 1145, 8 Cal. Rptr. 3d 446, 453 (2004)).

Here, Defendants filed a Stipulation and Proposed Order with the state court to continue the date to respond to Plaintiffs' Complaint, without making or reserving any objection to the court's jurisdiction. (Stipulation, Ex. 13 to NOR, Doc. 1-21). A general appearance "does not require any formal or technical act," *Dial 800*, 118 Cal. App. 4th at 52, and California courts have held that "[a] written stipulation extending the time to appear, answer, demur or otherwise plead reflects an intent to submit to the jurisdiction of the court and constitutes a general appearance." *Kriebel v. City of San Diego, City Council*, 112 Cal. App. 3d 693, 699, 169 Cal. Rptr. 342, 345 (Ct. App. 1980) (noting that defendants stipulated to a continuance of a hearing with "[n]o reservation of any right to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-00982-JLS-ADS                                            Date: October 29, 2020
Title:  Island Medical Distributors, Inc. et al v. Hologic, Inc. et al

contest jurisdiction") (citing *Gen. Ins. Co. v. Superior Court*, 15 Cal. 3d 449, 453, 541 P.2d 289 (1975)).  That rule applies here, as Defendants' Stipulation "reflects an intent to submit to the jurisdiction of the court" and therefore constitutes a general appearance.

It is true, as Defendants argue, that "[i]f the defendant confines its participation in the action to objecting to a lack of jurisdiction over the person, there is no general appearance." *Dial 800*, 118 Cal. App. 4th at 52.  But the Stipulation at issue contains no objection to the court's jurisdiction.  Further, Defendants' citation to various statutory provisions is misplaced, as none applies here.  Under Section 583.210 of the California Code of Civil Procedure, "[t]he summons and complaint shall be served upon a defendant within three years after the action is commenced against the defendant."  Cal. Civ. Proc. Code § 583.210 (West 2020).  Section 583.220, to which Defendants cite, contains exceptions to the three-year time limit on service, and provides that the limit "does not apply if the defendant enters into a stipulation in writing or does another act that constitutes a general appearance in the action."  § 583.220.  It then clarifies that "*[f]or the purpose of this section* none of the following constitutes a general appearance in the action: (a) A stipulation pursuant to Section 583.230 extending the time within which service must be made. . . ." *Id.* (emphasis added).  Because this language governs stipulations made pursuant to Section 583.230 extending the three-year time limit within which service must be made, the parties' Stipulation does not fall within the scope of Section 583.220.[2]

---

[2] *Busching v. Superior Court*, which Defendants also cite, involved a motion to dismiss for failure to serve within the three-year period.  *Busching v. Superior Court*, 12 Cal. 3d 44, 50, 524 P.2d 369 (1974).  The court in that case rejected the plaintiff's argument that the defendants were estopped to complain of failure of service based on a letter defendants wrote *after* the three-year time period had expired, in which defendants stated that they were "attempting to get an answer out of American Home Insurance Company as to whether they would provide a defense" and acknowledging an agreement between the parties to extend time to plead.  *Id.*  The court found that this letter, which was not filed with the court until plaintiffs filed it in their opposition to the motion to dismiss, was "merely an indication that the company would get legal representation in this action, not that it would defend on the merits."  *Id.*  These facts are clearly distinguishable from the instant case, which involves a stipulation filed with the court well within the three-year statutory time period, in which all Defendants were represented by counsel and sought an extension from the court to respond to Plaintiffs' complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-00982-JLS-ADS | Date: October 29, 2020 |
| Title: Island Medical Distributors, Inc. et al v. Hologic, Inc. et al | |

Defendants also cite to C.C.P. § 418.10 in a footnote, which contains the language: "[N]o motion under this section, or under Section 473 or 473.5 when joined with a motion under this section, or application to the court or stipulation of the parties for an extension of the time to plead, shall be deemed a general appearance by the defendant." Cal. Civ. Proc. Code § 418.10(d) (West 2020). This Section, however, specifies the procedure when a party files the following motions: (1) to quash service of summons, (2) to stay or dismiss the action on the ground of inconvenient forum, or (3) to dismiss the action to failure to serve summons within three years under Section 583.110. *Id.* § 418.10(a). These circumstances do not apply here.

The Court therefore concludes that, because Defendants made a general appearance on April 15, 2020, the May 28, 2020 removal was untimely. For this reason, remand is proper.

### A. Fees

Because the Court has determined remand is proper, it must next decide whether to award Plaintiffs reasonable attorneys' fees incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c). Plaintiffs seek an award of $6,500 for attorney's fees and costs incurred on the instant motion to remand. (Mem. at 9; Ayotte Decl. ¶ 20). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, Defendants calculated the timing of their removal action based on the date Defendant Pierce executed a notice of acknowledgement of receipt. (Opp'n at 12; Ex. 2 to NOR). Defendants also maintain that complete diversity exists because the non-diverse Defendants were fraudulently joined. Although the Court held that thirty-day removal window was triggered on April 15 and thus the removal was untimely, Defendants nevertheless had a "reasonable basis" for believing removal was timely based on Defendant Pierce's receipt of service (and that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-00982-JLS-ADSDate: October 29, 2020
Title: Island Medical Distributors, Inc. et al v. Hologic, Inc. et al

complete diversity would exist if the Court dismissed the non-diverse parties.) The Court therefore declines to award Plaintiffs attorney's fees under § 1447(c).

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion to Remand. However, the Court declines to award attorney's fees under 28 U.S.C. § 1447(c). This action is hereby REMANDED back to Superior Court of California, County of Orange, originally commenced as Case No. 30-2020-01136814-CU-BT-CJC.